*UNITED STATES BANKRUPTCY COURT*
*EASTERN DISTRICT OF PENNSYLVANIA*

In Re: Juanita Eberhardt Brown and Thomas Edward Brown
      Debtor(s)

Case No: 05−37520−sr

Chapter: 13

### ORDER CONFIRMING PLAN UNDER CHAPTER 13

    AND NOW, this March 17, 2006 , upon consideration of the plan submitted by the debtor under chapter 13 of title 11 U.S.C. and the standing trustee's report which has been filed; and it appearing that:

    A. a meeting of creditors upon notice pursuant to 11 U.S.C. 341 (a) and a confirmation hearing upon notice having been held;

    B. the plan complies with the provisions of 11 U.S.C. 1322 and 1325 and with other applicable provisions of title 11 U.S.C.;

    C. any fee, charge or amount required under chapter 13 of title 28 or by the plan, to be paid before confirmation, has been paid;

    D. the plan has been proposed in good faith and not by any means forbidden by law;

    E. the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claims if the estate of the debtor were liquidated under chapter 7 of title 11 on such date;

    F. with respect to each allowed secured claim provided for by the plan–
        (1) the holder of such claims has accepted the plan;
        (2) (a) the plan provides that the holder of such claim retain the lien securing such claim, and
            (b) the value, as of the effective date of the plan, of property to be distributed under the plan on account of            such claims is not less than the allowed amount of such claim; or
        (3) the debtor has agreed to surrender or has surrendered the property securing such claim to such holder of            the claim; and

    G. the debtor will be able to make all payments under the plan and to comply with the plan;
    WHEREFORE, it is ORDERED:
    1. that the plan is CONFIRMED
    2. that pursuant to 11 U.S.C. 1327 the provisions of the confirmed plan bind the debtor and each of the creditors of the debtor, whether or not the claim of such creditor is provided for by the plan, and whether or not said creditor has objected to, has accepted or has rejected the plan; and
    3. that all property of the estate, including any income, earnings, other property which may become a part of the estate during the administration of the case which property is not proposed, or reasonably contemplated, to be distributable to claimants under the plan shall revest in the debtor(s); provided, however, that no property received by the trustee for the purpose of distribution under the plan shall revest in the debtor except to the extent that such property may be in excess of the amount needed to pay in full all allowed claims as provided in the plan.

                Stephen Raslavich
                Judge , United States Bankruptcy Court